FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Aug 13, 2020
OFFICE OF THE CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

ANTHONY STERLING PLAINTIFF

VS. No. 20-4065

CENTERPOINT ENERGY
SERVICE COMPANY, LLC DEFENDANT

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CenterPoint Energy Service Company, LLC, gives notice of the removal of this action from the Circuit Court of Lafayette County, Arkansas, to the United States District Court for the Western District of Arkansas. Removal jurisdiction is based upon the diversity of citizenship, 28 U.S.C. § 1332, and is founded on the following:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2. This case, styled *Anthony Sterling v. CenterPoint Energy Service Company, LLC*, was filed on June 26, 2020, in the Circuit Court for Lafayette County, Arkansas, No. 37CV-20-22.

3. Defendant was served with the Complaint and Summons on July 15, 2020.

4. The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of service on the removing Defendant.

5. The Circuit Court of Lafayette County, Arkansas lies in the Western District of Arkansas, Texarkana Division, and thus, this Court is the appropriate venue for removal. 28 U.S.C. §§ 1441, 1446.

6. Pursuant to 28 U.S.C. 1446(a), copies of the Complaint and Summons are attached hereto as Exhibit A, these constituting all process, pleadings, and orders served upon Defendant.[1]

7. At the time of the commencement of this suit, Plaintiff was, and at the present time is, a resident of Arkansas. *See* Compl. at ¶ 1.

8. A limited liability company's citizenship for purposes of diversity jurisdiction is the citizenship of its members. *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Defendant CenterPoint Energy Service Company, LLC was, at all relevant times, a Texas limited liability company with its principal place of business in Texas. The LLC's sole member is Utility Holding, LLC, a Delaware limited liability company with its principal place of business in Texas. CenterPoint Energy Service Company, LLC is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Arkansas within the meaning of the Acts of Congress relating to the removal of causes. This suit is, therefore, between citizens of different states.

9. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00, exclusive of interest and costs."

10. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the mount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

[1] The summons lists a different entity as defendant than the one named in the Complaint.

11. “The district court has subject matter jurisdiction when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.” *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). “The amount-in-controversy requirement may be satisfied even when ‘the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum.’” *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) (citing *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). The removing party must prove by a preponderance of the evidence whether a fact finder might legally conclude that the damages are greater than the requisite $75,000. *Id.* at 881 (collecting cases).

12. Here, the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332(a). At the time Plaintiff’s employment was terminated in October 2019, Plaintiff was paid an annual salary of $65,304.16. *See* Exhibit B, Declaration of Tiffany Sims. Thus, Plaintiff’s back pay claim alone is not far from the $75,000 threshold, and Plaintiff will surely argue that the claim will only continue to increase throughout the pendency of this litigation. Moreover, the Arkansas Civil Rights Act (“ACRA”) provides that a Plaintiff is entitled to interest on back pay. Ark. Code Ann. § 16-123-107(c)(1)(A).

13. In addition, the ACRA provides a plaintiff may recover compensatory and punitive damages. Ark. Code Ann. § 16-123-107(c)(2)(A). The cap is $300,000. § 16-123-107(c)(2)(B)(v). And indeed, in addition to “loss of income,” Plaintiff’s seeks an unspecified amount of damages for diminished earning capacity, stress, and mental anguish. Pl.’s Compl. at ¶ 10.

14. As such, even though Plaintiff seeks a variety of forms of unspecified and open-ended relief, the amount in controversy is more likely than not greater than $75,000 given that

Plaintiff seeks back pay (on which interest is available) and his yearly income was $65,304.16, and in addition, seeks damages for diminished earning capacity, stress, and mental anguish. Accordingly, CenterPoint has demonstrated that this matter meets the amount in controversy requirement for removal of the action.

15. Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for improper purpose.

16. Defendant will file a copy of this notice of removal with the Lafayette County Circuit Court Clerk, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant CenterPoint Energy Service Company, LLC gives notice of the removal of this cause to this Court from the Circuit Court of Lafayette County, Arkansas.

Eva C. Madison (98183)
LITTLER MENDELSON, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, AR 72701
Telephone: 479.582.6100
emadison@littler.com

Attorney for CenterPoint Energy Service Company, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2020, I mailed a true and correct copy of the foregoing via U.S. Mail to the following:

Rickey Hicks
Attorney at Law
2100 Main Street
Little Rock, AR 72206

4831-0313-2355.1 095716.1000