IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY STERLING                                                                                          PLAINTIFF

v.                                                    Case No. 4:20-cv-4065

CENTERPOINT ENERGY
SERVICES COMPANY, LLC                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant CenterPoint Energy Services, LLC's Motion for Summary Judgment.  ECF No. 30.  Plaintiff Anthony Sterling has responded.  ECF No. 39.  Defendant has replied.  ECF No. 43.  The Court finds the matter ripe for consideration.

### I. BACKGROUND

At all times relevant to this matter, Plaintiff Anthony Sterling was employed by Defendant CenterPoint Energy Services Company, LLC.  On the night of September 18, 2018, Plaintiff, who is African American, was informed by his daughter that an individual named Traedarreon Davis ("Davis") had called her and threatened to kill himself.  Plaintiff called Davis regarding the previous call he had made to his daughter.  The phone call ended with Davis cursing at Plaintiff and hanging up.

The next morning, Plaintiff's daughter informed him that Davis had made Facebook posts threatening Plaintiff and challenging Plaintiff to confront Davis in person.  Before reporting to work, Plaintiff, while wearing his work uniform and driving his work truck, drove to Davis' father's home to speak with Davis' father regarding the phone call and Facebook posts.  After determining that Davis' father was not at home, Plaintiff drove to Davis' mother's house.

Upon arriving, Davis and another individual were outside the house.  Plaintiff exited his vehicle and approached Davis.  A physical altercation ensued in which Plaintiff eventually took

out a wooden stick kept in his truck bed and struck Davis with it.[1]  Plaintiff returned to his truck and left to locate Davis' grandmother.

Plaintiff could not locate Davis' grandmother at her home, so Plaintiff decided to leave and report to work.  While leaving Davis' grandmother's home, Plaintiff saw Davis in the road with a baseball bat.  Davis struck Plaintiff's truck as he drove past him.  Plaintiff stopped the truck to inspect for damage.  While the truck was not damaged, Plaintiff told Davis not to strike the truck again.  Another altercation ensued.  Plaintiff eventually grabbed a golf club from the back of his truck and struck Davis in the face.

Plaintiff subsequently drove away and called the police, who interviewed him later that day.  Plaintiff also contacted his work supervisor, Tony Donahoe, to inform him of the incident.  Tony Donahoe relayed the information to his own supervisor, Keith Cragg.  Defendant subsequently suspended Sterling without pay while they investigated the incident.

At the conclusion of its investigation, Defendant determined that Plaintiff had violated several of its policies during the incident.  The policies were Defendant's Standards of Conduct/Business Ethics Policy, Performance Expectations Policy, and Company Driver Policy.  On October 4, 2019, Defendant terminated Plaintiff's employment, citing the violation of those policies during the incident with Davis.  Plaintiff was also charged with third degree battery for his actions during the incident, but those charges were dismissed.  However, an Arkansas court did issue a year-long "no-contact" order prohibiting Plaintiff from contacting Davis. At the times relevant to this matter, Plaintiff was employed by Defendant and working in a "Service Tech III" position.

---

[1] Plaintiff disputes any suggestion in Defendant's recitation of the facts that Plaintiff started the altercation.  Plaintiff asserts that he was defending himself from Davis.  ECF No. 39-1, p. 1.

On August 13, 2020, Plaintiff filed his Complaint against Defendant in this Court.[2]  ECF No. 4.  Plaintiff brought his claim under the Arkansas Civil Rights Act ("ACRA"), alleging that Defendant terminated his employment because of his race.  *Id*. at p. 1-2.  On January 14, 2022, Defendant filed its Motion for Summary Judgment.  ECF No. 30.  Defendant argues that Plaintiff has failed to support an element of his claim and cannot rebut Defendant's proffered non-discriminatory reason for terminating Plaintiff.  ECF No. 32, p. 8-13.  Defendant also argues that Plaintiff cannot recover punitive damages for his claim.  *Id*. at p. 16-17.  Plaintiff responded, arguing that his claim is properly supported because he can point to a similarly situated white employee who engaged in comparable behavior while on the job and was not terminated from his employment.  ECF No. 39, p. 1-4.  Plaintiff also argues that there are disputed issues related to self-defense and the correct application of Defendant's policies.  *Id*. at p. 4-5.  Defendant replied, arguing that the actions taken by the other employee cannot be viewed as comparable behavior and that Plaintiff has failed to rebut the non-discriminatory reason for his firing.  ECF No. 43, p. 2-5.

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted).  Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A

---

[2] The Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 diversity jurisdiction.  Plaintiff is a resident of Arkansas.  Defendant is a Texas limited liability company with its principle place of business in Texas.  The amount in controversy exceeds $75,000.  ECF No. 1, p. 2.

fact is material only when its resolution affects the outcome of the case. *See id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a motion for summary judgment. *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

Summary judgment determinations are not unique for discrimination cases and "district courts should not 'treat discrimination differently from other ultimate questions of fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (quotation omitted). "Although employment discrimination cases are 'often fact intensive and dependent on nuance in the workplace, they are not immune from summary judgment.'" *Trierweiler v. Wells Fargo Bank*, 639 F.3d 456, 459 (8th Cir. 2011) (quotation omitted).

### III. DISCUSSION

**A. Plaintiff's Prima Facie Claim**

Defendant's motion for summary judgment argues that Plaintiff has failed to support his prima facie claim of racially discriminatory firing under ACRA. ECF No. 32, p. 8-11. Specifically, Defendant argues that Plaintiff has failed to show that the circumstances surrounding his termination create an inference of discrimination. *Id*. at p. 8-9. Defendant contends that Plaintiff's comparator, Clifton Cross[3] ("Cross"), engaged in substantially different behavior. *Id*. at p. 9-10. Defendant notes that Cross, though in his work clothes and driving his work truck, only engaged in a verbal argument or confrontation with a Sheridan Water Works employee over an issue related to Cross' personal water bill. *Id*. Defendant further notes that Cross was reprimanded for this incident. *Id*. at p. 10. Defendant contends that this incident is not remotely comparable to Plaintiff's incident in type or seriousness and does not qualify under the standard for determining if an employee is similarly situated to create an inference of discrimination. *Id*. at p. 10-11. Therefore, Defendant concludes that Plaintiff has failed to establish a prima facie claim of race discrimination. *Id*. at p. 11.

Plaintiff argues in his response that he has satisfied his burden of demonstrating that the circumstances of his termination create an inference of discrimination. ECF No. 39 at p. 1-3. Plaintiff contends that Defendant has applied an erroneously narrow standard for determining if employees are similarly situated. *Id*. at p. 1-2. Applying the more lenient standard that only requires similar conduct and disparate punishment, Plaintiff contends that he has properly alleged

---

[3] Clifton Cross was also in a Service Technician III position during the incident for which he was reprimanded. ECF No. 32, p. 8.

that a similarly situated white employee was more leniently disciplined for a similar incident. *Id*. at p. 2-3. Plaintiff concludes that his claim is properly supported and that Defendant's motion for summary judgment should be denied. *Id*. at p. 3.

Defendant argues in its reply that Plaintiff is incorrect regarding the less stringent standard for who constitutes a similarly situated employee. ECF No. 43, p. 2-3. Defendant contends that Plaintiff's citation in support of the more permissive standard is to precedent that has been subsequently abandoned by the Eighth Circuit. *Id*. Defendant also argues that Plaintiff's prima facie claim would fail even under the outdated and more lenient standard. *Id*. at p. 3. Defendant contends that no reasonable fact finder could conclude that Cross' exclusively verbal confrontation can be viewed as a similar action to Plaintiff's multi-phase physical confrontation with Davis. *Id*. at p. 3-4. Therefore, Defendant concludes that Plaintiff has not presented allegations that can support his claim and that Defendant should be granted summary judgment. *Id*. at p. 4.

Under ACRA, an individual is "to be free from discrimination because of race . . . This right shall include, but not be limited to: the right to obtain and hold employment without discrimination." Ark. Code § 16-123-107(a)(1). Claims under ACRA for employment discrimination are analyzed in the same manner as employment discrimination claims under Title VII of the Civil Rights Act.[4] *See Davis v. KARK-TV, Inc.*, 421 F.3d 699, 703-04 (8th Cir. 2005). A plaintiff bringing a claim for race discrimination can survive a motion for summary judgment by presenting admissible evidence that either directly indicates unlawful discrimination or indirectly creates an inference of unlawful discrimination. *Gibson v. American Greetings Corp.*,

---

[4] The Supreme Court has determined that discrimination claims under 42 U.S.C. § 1981 must be analyzed under a "but for" causation standard as opposed to the "motivating factor" standard that applies to Title VII claims. *See Comcast Corporation v. Nat'l Ass'n of African American-Owned Media*, 140 S.Ct. 1009, 10019 (2020). Defendant opines that the language of 42 U.S.C. § 1981 and ACRA are similar and that ACRA claims should consequently be analyzed under a "but for" causation standard as well. ECF No. 32, p.7 n3. However, Defendant does not cite to any precedent that indicates a shift away from analyzing ACRA claims similarly to Title VII claims. Therefore, the Court will continue to analyze ACRA claims and Title VII claims similarly.

670 F.3d 844, 853 (8th Cir. 2012) (citation omitted).  If a plaintiff presents indirect evidence, then a court must analyze the claim under the *McDonnell Douglas* burden shifting framework.  *Id*.  Plaintiff does not present direct evidence of racial discrimination in his complaint or his response to Defendant's motion for summary judgment.  Plaintiff and Defendant's arguments regarding the instant motion all relate to an element under the burden shifting framework.  Therefore, the Court will analyze Plaintiff's claim under the burden shifting framework.

Under the *McDonnell Douglas* burden shifting framework, a plaintiff must first establish a prima facie claim of discrimination. *Id*. at 854.  To establish a prime facie claim of discrimination, a plaintiff must show that "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination." *Id*. (quoting *Lake v. Yellow Trasnp., Inc.*, 596 F.3d 871, 874 (8th Cir. 2010)).  A circumstance that may give rise to an inference of discrimination is one in which a similarly situated employee outside a plaintiff's protected class was treated more favorably.  *Gaither v. Arkansas Foundation for Medical Care*, 2013 WL 4496439 at *5 (W.D. Ark. Aug. 20, 2013) (citing *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011)).  One view of "similarly situated" simply requires that another employee engage in acts of "comparable seriousness" to a plaintiff and be more favorably treated.  *See Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1085 (8th Cir. 2013).  Another view is more demanding and requires that the other employee and a plaintiff be similar in more respects, such as having the same supervisor and having the same work standards.  *See Moss v. Texarkana Arkansas School District*, 240 F.Supp.3d 966, 975 (W.D. Ark. Mar. 1, 2017) (collecting Eighth Circuit cases).

The Court finds that Plaintiff has failed to establish his prima facie claim of discrimination under ACRA because he has not sufficiently alleged that a similarly situated employee was treated

7

more favorably. Under the standard that Plaintiff argues, a similarly situated employee simply needs to have allegedly been involved in similar conduct and treated more favorably.[5] *See Wimbley v. Cashion*, 588 F.3d 959, 962 (8th Cir. 2009). However, applying what Plaintiff deems the appropriate and less demanding standard defeats his claim. Plaintiff was involved in two physical confrontations in quick succession that led to criminal charges and a no-contact order. This cannot reasonably be viewed as similar conduct or of comparable seriousness to the verbal disputes that Cross engaged in regarding his personal water bill. The only connections Plaintiff draws between him and Cross is that they engaged is some type of dispute while wearing their work uniforms and driving their work vehicle. The Court views this as inadequate to create a question of fact that Plaintiff and Cross were similarly situated. Even for instances where a plaintiff and another employee engaged in the same exact dispute, the differences in how they engaged in that dispute can prevent them from being considered similarly situated. *See Ward v. Procter & Gamble Paper Products Co.*, 111 F.3d 558, 561 (8th Cir. 1997) (an employee that was involved in a physical altercation with a plaintiff but was not fired was not similarly situated because the employee did not escalate in the same manner as plaintiff and therefore their conduct was objectively different). Viewing the facts presented by Plaintiff in the light most favorable to him as the non-moving party, a reasonable fact finder could not conclude that the conduct of Plaintiff and the conduct of Cross were objectively similar or of comparable seriousness. *See*

---

[5] The Court understands that there are dueling, and sometimes contradictory, views on determining "similarly situated." The Eighth Circuit at one instance will state that the strict standard requiring employees be similar in "all relevant respects" apply, but also limit those "relevant" respects to conduct and disparity in discipline. *See Chappell v. Bilco Co.*, 675 F.3d 1110, 1119 (8th Cir. 2012). The Eighth Circuit has also applied the strict "all relevant respects" standard to only require that another employee was disciplined differently for conduct of "comparable seriousness." *Ridout*, 716 F.3d at 1085. This Court has applied the stricter standard and made "relevant respects" more exhaustive than the two factors articulated in *Chappell*. *See Parham v. Habilitation Center, LLC*, Case No. 4:14-cv-4157-SOH 2017 WL 3971100 at *8 (W.D. Ark. Sept. 8, 2017) (citing Eighth Circuit cases demanding more factors be included in the "similarly situated" analysis). The Court does not find it necessary to untangle and determine what the clear standard is for this matter because Plaintiff fundamentally fails to show that Cross engaged in conduct that could be considered similar or of comparable seriousness under either standard.

*Ridout*, 716 F.3d at 1085.  Therefore, Plaintiff has not alleged facts sufficient to support the fourth element of his prima facie discrimination claim and his claim must fail as a matter of law.

### B. Non-Discriminatory Reason for Termination and Pretext

Defendant argues that even if Plaintiff established his prima facie claim, Defendant has proffered a non-discriminatory reason for Plaintiff's termination that rebuts his claim.  ECF No. 32, p. 11-15.  Defendant reiterates that it terminated Plaintiff for violating several company policies during the incident with Davis.  *Id*. at p. 11.  Defendant contends that Plaintiff has not and cannot show that there is any evidence of discriminatory treatment during his employment that indicates Defendant's stated reason for terminating Plaintiff is simply a pretext for a racially motivated termination.  *Id*. at p. 11-12.  Defendant also contends that Plaintiff's argument that being similarly situated to Cross shows pretext should also fail because Plaintiff and Cross are not similarly situated.  *Id*. at p. 12-14.

Plaintiff's response argues that he was similarly situated to Cross and therefore Defendant's stated reason for terminating his employment is pretext.  ECF No. 39, p. 3-4.  Plaintiff reiterates that Defendant applies too strict of a standard for determining what a similarly situated employee is and that Plaintiff has met his burden of showing that he and Cross were similarly situated but incurred disparate treatment.  *Id*.  Defendant's reply again argues that the standard Plaintiff applies for similarly situated employees is incorrect and that Plaintiff's allegations cannot meet the requirements of the appropriate standard.  ECF No. 43, p. 4-5.

If a plaintiff has made a sufficient prima facie claim of discrimination under *McDonnell Douglas*, the burden then shifts to a defendant to offer a non-discriminatory reason for its action in order to rebut a plaintiff's claim.  *Gibson*, 670 F.3d at 854.  If a defendant presents a non-discriminatory rationale for firing a plaintiff, then the burden shifts back to the plaintiff to prove

that the non-discriminatory reason offered by a defendant is simply a pretext for a racially motivated discharge. *See id*. Violation of a company policy is a legitimate non-discriminatory reason for termination that a defendant can put forth to rebut a prima facie claim of discrimination. *See Putman v. Unity Health System*, 348 F.3d 732, 736 (8th Cir. 2003). One way a plaintiff can show that a defendant's proffered reason was pretext is by alleging facts demonstrating that defendant "treated similarly-situated employees in a disparate manner." *Gibson*, 670 F.3d at 854.

The Court finds that Plaintiff has failed to show that Defendant's non-discriminatory rationale for his termination is a pretext for a racially motivated termination. As determined above, Plaintiff failed to establish that he and Cross were similarly situated employees under either the broad or narrow standard. It follows that Plaintiff has failed to show that Defendant's citation of its company policies is a pretext, especially considering that the standard for showing similarly situated at the pretext stage is "rigorous." *See Edwards v. Hiland Roberts Day, Co.*, 860 F.3d 1121, 1126 (8th Cir. 2017). Plaintiff brings forth no other evidence or allegations suggesting that Defendant's proffered reason for his termination was motivated by any racial animus. Accordingly, the Court finds that even if Plaintiff had established his prima facie claim, he has failed to allege facts sufficient to show that Defendant's claimed reason for his termination was a pretext for a racially motivated termination. Therefore, viewing the facts in the light most favorable to Plaintiff, the Court finds that his claim for racial discrimination must fail as a matter of law.

### C. Punitive Damages

Defendant argues that even if Plaintiff has properly supported a claim of race discrimination, Plaintiff cannot recover punitive damages. ECF No. 32, p. 16-17. Defendant contends that Plaintiff has at no time alleged the necessary malice or reckless indifference on

Defendant's part to justify any punitive damages. *Id*. Plaintiff did not address this argument in his response to the instant motion. Therefore, Plaintiff has effectively waived any argument in opposition. *See EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1.

Punitive damages may be awarded for intentional discrimination by an employer who acts with malice or reckless indifference to protected rights. *See Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc.*, 439 F.3d 894, 903 (8th Cir. 2006) (citations omitted). Malice or reckless indifference refers to an employer's state of mind and their knowledge that their action may be violating federal law. *See id*. (citation omitted).

Plaintiff at no point in his complaint or his response to the instant motion states that he seeks punitive damages. Plaintiff has not made any attempt to show the malice or reckless indifference to his rights by Defendant that would be necessary to collect punitive damages for his claim. *See id*. Accordingly, the Court finds that Plaintiff cannot recover punitive damages even if he had sufficiently alleged a valid discrimination claim.

**D. Remaining Issues**

Plaintiff's response argues that there are two other issues that preclude granting Defendant's motion for summary judgment. ECF No. 39, p. 4-5. First, Plaintiff argues that he acted in self-defense during the incident with Davis and that this raises a question of fact as to whether his termination was justified and whether Defendant's stated reason is pretextual. *Id*. Next, Plaintiff argues that Defendant is mistaken in the application of its policies to the incident insofar as Defendant asserts that Plaintiff violated the policy prohibiting weapons in company vehicles. *Id*. at p. 6. Plaintiff contends that the stick he kept in his truck was a tool to get animals away from gas meters and that there is a genuine question of fact regarding whether Defendant correctly applied its policy toward Plaintiff. *Id*.

Defendant's reply argues that these issues present no questions of material fact precluding summary judgment. ECF No. 43, p. 5-8. For the self-defense issue, Defendant contends that the only legal support Plaintiff cites for self defense having any bearing on wrongful termination is completely irrelevant to Plaintiff's claim. *Id*. at p. 6. Regarding Plaintiff's argument about the stick, Defendant contends that even if it was mistaken in concluding that the stick was a weapon, an incorrect application of its policies does not indicate that Plaintiff's termination was based on discriminatory motivations. *Id*. at p. 6-8.

Plaintiff has failed to demonstrate that a genuine question of fact regarding self-defense is material to his claim. The only legal support Plaintiff draws on to assert that self-defense is relevant is *Cocchi v. Circuit City Stores, Inc.*, 2006 WL 870736 (N.D. Cal. Apr. 3. 2006). However, that case involved termination based entirely on a physical confrontation and no claims of discrimination. *Id* at *1-2. Self-defense was only relevant to that matter because of certain provisions of the California Constitution. *Id*. at *4-7. Plaintiff makes no further effort to explain how this case is relevant to a discrimination claim. The Court finds that Plaintiff has failed to show how him acting in self-defense is material to his discrimination claim and therefore this is not a factual issue precluding summary judgment.

The Court also finds that Plaintiff has failed to demonstrate that any incorrect application of Defendant's policies is material to his discrimination claim. A plaintiff cannot show pretext by simply alleging that they did not actually violate the policy that an employer proffered as the reason for termination. *See Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1035-36 (8th Cir. 2005). A plaintiff must further show that the employer's cited reason is fabricated to cover discriminatory motive and not simply a mistake on the employer's part. *See id*. (citing *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 989 (8th Cir. 1999); *see also Stuart v. General Motors Corp.*, 217

12

F.3d 621, 637 (8th Cir. 2000) (noting that factual errors or poor judgment in deciding to terminate an employee for violating an employer's policies are not issues for a Title VII discrimination claim). Here, Plaintiff has only alleged that Defendant was incorrect in determining that the stick Plaintiff kept in his work vehicle was a weapon under its policies. Assuming that the stick should not have been considered a weapon, Plaintiff must further allege that labeling the stick as a weapon was intentional to hide discriminatory motivation. *See City of Oak Grove*, 396 F.3d at 1035-36. Plaintiff has not alleged that incorrectly labeling the stick as a weapon was done because Defendant wanted to conceal its discrimination. Therefore, any factual dispute over whether the stick was actually a weapon is not material to Plaintiff's claim and cannot preclude summary judgment.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 30) should be and hereby is **GRANTED**. Plaintiff's claim is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 24th day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge